IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN DEFRANZA,** individually, and on behalf of all others similarly situated, *Plaintiff*, v. **SEARS HOLDINGS CORPORATION**, *Defendant*. | Case No. **CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff John DeFranza ("DeFranza" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Sears Holdings Corporation ("Sears" or "Defendant") to stop Sears from violating the Telephone Consumer Protection Act by making unsolicited, autodialed calls to consumers without their consent, including calls to consumers who have registered their telephone numbers on the National Do Not Call registry, and to obtain injunctive and monetary relief for all persons harmed by Sears's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1. Sears is one of the largest department store chains in the US. As of February 3, 2018, Sears had more than 1000 locations.[1]

---

[1] https://searsholdings.com/press-releases/pr/2082

2. Although Sears's profits peaked at $1.5 billion in 2006, their profits have steadily declined since then. From 2011 to 2016 Sears lost $10.4 billion. As a result, Sears has been shedding off its underperforming assets, such as Lands' End and Sears Canada to clear the way for more profitability.[2]

3. Sears Home Services division is currently considered to be one of Sears's most valuable business lines. In the first quarter of 2018, the company had significant plans to increase its total number of technicians and has been working to gain more exposure for this division.[3] In order to grow its Home Services division, Sears utilizes many marketing methods including internet marketing and telemarketing. Additionally, Sears acquires leads from lead generating services such as HomeAdvisor, which neither Sears nor the lead generating service have consent to call using an autodialer.

4. Notwithstanding, Sears uses its autodialer to call these leads, including many registered on the National Do Not call Registry ("DNC"). In Plaintiff's case, Sears called and texted him more than 18 times without his consent despite his having registered his cellular telephone number on the DNC to prevent such calls.

5. In response to these calls, Plaintiff files this lawsuit seeking injunctive and monetary relief.

**PARTIES**

6. Plaintiff DeFranza is a Cherry Hill, New Jersey resident.

7. Defendant Sears is located in Hoffman Estates, Illinois. Defendant is headquartered in this District, conducts business throughout this District, the State of Illinois, and the United States.

---

[2] https://en.wikipedia.org/wiki/Sears
[3] https://www.cnbc.com/2018/02/13/as-sears-seeks-to-shed-assets-home-services-could-be-a-hidden-gem.html

2

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, does significant business in this District and the state of Illinois, and because the wrongful conduct giving rise to this case arose in and/or was directed from this District.

## COMMON ALLEGATIONS

**Sears Markets its Services by Making Autodialed Calls to Consumers' Cellular Phone Numbers Without Consent and Regardless of Whether They are Registered on the DNC**

10. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

11. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to making autodialed solicitation calls to cellular telephone numbers such as Plaintiff's.

12. In placing the calls and text message that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS" or "autodialer") in violation of the TCPA. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and

automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

13. Sears admits that it contacts consumers using an autodialer. For example, Sears in a job posting for a Dialer Operations Agent on the Sears website,[4] that they are looking to hire someone with experience based on the Avaya Predictive Dialer:

> Routing and Voice over Internet Protal (VOIP) experience • Advanced math skills, including ratio and statistics • Experience using reporting systems currently used at Sears (e.g. Aspect eWFM, Prims, <u>Avaya Predictive Dialer</u>)[5]

14. As Avaya explains in its marketing materials, the Avaya Predictive Dialer is an autodialer that eliminates manual dialing and otherwise automates the calling process:[6]

> **Key Customer Benefits**
>
> • **Improve worker efficiency and productivity** by <u>eliminating manual dialing</u> and driving all communication operations to a single desktop interface (i.e., Microsoft Communicator or IBM Sametime client).

15. In practical terms, The Avaya predictive dialer has the capacity to store or generate numbers to be called using a random or sequential number generator.

---

[4] https://jobs.sears.com/en-US/job/workforce-dialer-operations-agent/J3W3GD6JFN3ST9KS71G
[5] *Id.*
[6] Avaya Aura Application Enablement Services, https://www.avaya.com/AvayaScripts/webtrends/track-pdf.html?f=/en/documents/avaya-aura-application-enablement-services---uc4303.pdf; Avaya Aura Communication Manager System, https://www.avaya.com/en/product/avaya-aura-communication-manager/?view=resources.

4

16. Not surprisingly, there are numerous online complaints about Defendant's calls from various telephone numbers, including 877-467-3277, to consumers who have never consented to such calls, including consumers who have registered their numbers on the DNC. Additionally, these online complaints indicated Sears' use of an autodialer:

- "call, nobody there"[7]
- "Calls come in morning noon and night continuously from 877-467-3277. If there is a way to stop them or shut them down it would be great. Even though we are listed on the do not call list, these callers somehow are allowed to bypass the list."[8]
- "They call repeatedly, many times during the day but leave no message. I refuse to answer the phone."[9]
- "I get a call from this number about four times a week and it always hangs up when I answer!"[10]
- "Several calls to my cell. I don't give out this number. Didn't answer. See[n] remarks about Sears and I don't do business with S[e]ars."[11]
- "They just call and hang up"[12]

17. Sears owns, operates and/or utilizes telephone number 877-467-3277:

[13]

18. Futhermore, Sears on its website indicates that it has the capacity to send autodialed text messages.[14]

---

[7] https://800notes.com/Phone.aspx/1-877-467-3277/12
[8] *id*
[9] *id*
[10] https://whocalled.us/lookup/8774673277
[11] https://800notes.com/Phone.aspx/1-877-467-3277/13
[12] *id*
[13] https://premium.whitepages.com/phone/1-877-467-3277
[14] http://www.shcterms.com/mobile

5

19. Sears is very active when it comes to text message marketing. The company utilizes different shortcodes from which they send out their text messages, such as 73277 and 40755.

20. Sears uses automated text message marketing to contact potential customers when following up on leads obtained from lead generating services such as HomeAdvisor, as is evident from Plaintiff's experience.

## PLAINTIFF'S ALLEGATIONS

**Sears' Agents Repeatedly Called Plaintiff's Cell Phone Number Without Plaintiff's Consent, Despite Plaintiff Registering It on the Do Not Call Registry**

21. On November 9, 2007, Plaintiff registered his cellular telephone number on the National Do Not Call Registry.

22. On May 1, 2018 at 10:49 AM, Plaintiff received an autodialed phone call from Sears using phone number 800-749-7499. A voicemail was left stating, "Good afternoon, my name is Justin. I'm calling from Sears Home Services, your house experts for home owners. I'm following up on your request for a free estimate on your siding. Please call us at 1-800-749-7499 and your reference number is 23846792. We look forward to hearing from you soon."

23. As soon as the voicemail ended, Plaintiff received an autodialed text message from Defendant using shortcode 40755:



6

24. The text message displayed above indicates that "Pam" contacted Plaintiff, but it is Justin who left the voicemail. Upon information and belief, Sears utilized an automated system that automatically sent the text message to Plaintiff when he did not answer the phone call.

25. Plaintiff never made an inquiry with Sears and was not looking for a free estimate on siding, which both the voicemail and the text message make reference to.

26. The text message also makes reference to HomeAdvisor. Plaintiff has not utilized the services of HomeAdvisor, and never provided HomeAdvisor with consent to contact him using automated means.

27. Plaintiff received a second phone call from Sears on May 1, 2018, this time at 4:37 PM and using phone number 877-467-3277.

28. Sears continued to place autodialed calls to Plaintiff's cellular number using telephone number 1-877-467-3277 on the following dates and times:

- 05/11/2018 05:43 PM
- 05/11/2018 02:24 PM
- 05/10/2018 06:50 PM
- 05/10/2018 01:04 PM
- 05/09/2018 07:57 PM
- 05/09/2018 09:48 AM
- 05/08/2018 05:39 PM
- 05/08/2018 12:52 PM
- 05/07/2018 04:21 PM
- 05/07/2018 08:45 AM
- 05/06/2018 02:34 PM
- 05/05/2018 08:50 AM
- 05/04/2018 08:36 PM
- 05/03/2018 08:28 AM
- 05/02/2018 05:52 PM

29. Plaintiff does not have a relationship with Sears or any of its affiliated companies, nor has he ever requested that Sears place calls to him or consented to any contact from Defendant.

7

30. Simply put, Sears did not obtain Plaintiff's prior express written consent to place any solicitation telephone calls or text messages to him on his cellular telephone using an autodialer, and Plaintiff has no business relationship with Sears.

31. The unauthorized telephone calls and text message made by Sears' agents, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed DeFranza's use and enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

32. Seeking redress for these injuries, DeFranza, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed telephone calls to cellular telephones and unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls and Texts Made by Sears's Agents**

33. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following two Classes:

> **Autodialed No Consent Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called or texted, (2) on the person's cellular telephone, (3) using an autodialer, and (4) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call the Plaintiff, or (b) they did not obtain prior express written consent.

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called and/or texted more than one time on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the

8

purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call or text Plaintiff DeFranza, or (b) they did not obtain prior express written consent.

34. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

35. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant utilized an automatic telephone dialing system to make calls and send text messages to Plaintiff and the members of the Classes;

(b) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

(c) whether Defendant made autodialed telephone calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

38. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes generally, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

10

39. Plaintiff repeats and realleges paragraphs 1 through 38 of this Complaint and incorporates them by reference herein.

40. Defendant and/or its agents made unwanted solicitation telephone calls and text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

41. These solicitation telephone calls and text messages were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such solicitation telephone calls and texts.

42. Defendant did not have obtain consent from the Plaintiff orally or in writing to call or text message him.

43. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

44. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff DeFranza and the Do Not Call Registry Class)**

45. Plaintiff repeats and realleges the paragraphs 1 through 38 of this Complaint and incorporates them by reference herein.

46. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber

11

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

47. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[15]

48. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

49. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

50. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

51. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's

---

[15] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

f) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes;

g) An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

h) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

                              Respectfully Submitted,

                              **JOHN DEFRANZA**, individually and on behalf of classes of similarly situated individuals

Dated: July 10, 2018            By:  /s/ Stefan Coleman

                              Stefan Coleman
                              law@stefancoleman.com
                              LAW OFFICES OF STEFAN COLEMAN, P.A.
                              1072 Madison Ave. #1
                              Lakewood, NJ 08701
                              Telephone: (877) 333-9427
                              Facsimile: (888) 498-8946

                              *Attorney for Plaintiff and the putative Classes*